IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


BILLY JOE WHITTINGTON and          :
PATRICIA WHITTINGTON,              :
                                   :
     Plaintiffs,                   :
                                   :
vs.                                :      CIVIL ACTION 09-0352-KD-M
                                   :
ROBERT WILKINS, *et al.*,          :
                                   :
     Defendants.                   :


## REPORT AND RECOMMENDATION


The Motion to Remand filed by Plaintiffs Billy Joe
Whittington and Patricia Whittington (hereinafter *The
Whittingtons*) (Docs. 5-6) has been referred for report and
recommendation, under 28 U.S.C. § 636(b)(1)(B) and Local Rule
72.2.  Jurisdiction has been invoked in this Court on the basis
of diversity under 28 U.S.C. § 1332.  After consideration, it is
recommended that Plaintiffs' motion (Docs. 5-6) be granted.

The facts are, briefly, as follows.  On November 14, 2008,
Billy Joe Whittington was traveling through Mobile, Alabama and
stopped at a truck stop, got out of his vehicle, and began
walking on the property adjacent to the stop (Complaint, ¶¶ 12-
15).[1]  Defendant Robert Watkins, an employee of Defendant Conlan
Company, drove over to Whittington in a pickup truck and ran over
him, breaking his femur in several places; Watkins fled the area,

_____

[1]The Complaint was attached to the Notice of Removal (Doc. 1).

leaving Plaintiff lying on the pavement (Complaint, ¶¶ 19-21). Whittington has required extensive medical treatment and is still unable to walk or care for his wife (Complaint, ¶ 22).

Plaintiffs filed an action in Mobile County Circuit Court on November 24, 2008, asserting two claims of negligence, a claim for wantonness, and a claim for loss of consortium; the Whittingtons seek compensatory and punitive damages (Complaint). The Conlan Company answered the Complaint and asserted twenty-nine affirmative defenses (Doc. 1, pp. 12-33); likewise, Watkins answered and asserted eighteen defenses (Doc. 1, pp. 35-46).  In the mean time, a Motion to Intervene was granted as to Trucking US/Ligon Freight/Landstar Trucking BCO (Doc. 1, p. 34).[2]

On June 17, 2009, Defendants removed this action (Doc. 1). Plaintiffs subsequently filed a Motion to Remand the action (Docs. 5-6).  Defendants filed a response (Docs. 8-9)[3] to which the Whittingtons have replied (Doc. 13).

In its removal petition, Defendant alleges that this Court has diversity jurisdiction under 28 U.S.C. § 1332 and that this action is removable pursuant to 28 U.S.C. § 1446 (Doc. 1).  In a removal action, the party asserting jurisdiction has the burden of establishing proof of jurisdiction by a preponderance of the evidence.  *McNutt v. General Motors Acceptance Corp. of Indiana,*

---

[2]Rob Whittington is "an employee of US Trucking[,] a subsidiary of Landstar Carrier Group" (Complaint, ¶ 12).

[3]Defendant Watkins adopted the arguments made by Defendant Conlan as his own (Doc. 9).

*Inc.*, 298 U.S. 178 (1936); *see also Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1210 (11th Cir. 2007), *cert. denied sub nom Hanna Steel Corp. v. Lowery*, 128 S.Ct. 2877 (2008).  In a removal action, that burden is upon the defendant.  *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921).  Removal is a statutory remedy which must be narrowly construed so as to limit federal jurisdiction.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Robinson v. Quality Ins. Co.*, 633 F.Supp. 572 (S.D. Ala. 1986).

The Court notes that any civil action over which the district court would have original jurisdiction may be removed by the defendant to the district court for the district in which the action is pending.  28 U.S.C. § 1441(a).  The district court has jurisdiction over actions between citizens of different states so long as all plaintiffs are diverse from all defendants, *Strawbridge v. Curtiss*, 7 U.S. 267 (1806), and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(b).

There is no apparent dispute that the parties are diverse; Plaintiffs have not argued otherwise (*see* Doc. 6).  In any event, the Court notes that the Whittingtons are residents of Tennessee (Complaint, ¶¶ 1-2), Watkins is a resident of Mississippi (Complaint, ¶ 11; *accord* Doc. 1, p. 37, ¶ 11), and Conlan is a corporation formed under the laws of Georgia with its principal place of business in Georgia (Doc. 1, p. 2, ¶ 2).

What is disputed is whether the matter in controversy

3

exceeds $75,000.  The Whittingtons argue that the jurisdictional
requirement of $75,000 has not been proven by Defendant (Doc. 6).
More specifically, Plaintiffs assert that the documents provided
by Defendants have not been properly authenticated, are hearsay,
do not qualify as "other paper," and were not provided by them.

The Court notes that the Eleventh Circuit Court of Appeals,
in *Lowery*, held that a party cannot determine the jurisdictional
value of a case by gathering evidence from outside sources.
*Lowery*, 483 F.3d at 1221.  More specifically, the Court stated as
follows:

> Defendants must establish the jurisdictional
> amount by a preponderance of the evidence.
> We note, however, that in situations like the
> present one-where damages are unspecified and
> only the bare pleadings are available-we are
> at a loss as to how to apply the
> preponderance burden meaningfully.  We have
> no evidence before us by which to make any
> informed assessment of the amount in
> controversy.  All we have are the
> representations relating to jurisdiction in
> the notice of removal and the allegations of
> the plaintiffs' [] complaint.  As such, any
> attempt to engage in a preponderance of the
> evidence assessment at this juncture would
> necessarily amount to unabashed guesswork,
> and such speculation is frowned upon.  *See*
> *Lindsey v. Ala. Tel. Co.*, 576 F.2d 593, 595
> (5th Cir.1978) (noting, in a removed class
> action, that "it was not open for defendants
> to attempt to show" the requisite amount in
> controversy per capita where the complaint
> made insufficient allegations, "[n]or was it
> open to the district court to speculate" on
> whether the jurisdictional facts existed).
>     [W]e conclude that the removal-remand
> scheme set forth in 28 U.S.C. §§ 1446(b) and
> 1447(c) requires that a court review the

> propriety of removal on the basis of the
> removing documents.  If the jurisdictional
> amount is either stated clearly on the face
> of the documents before the court, or readily
> deducible from them, then the court has
> jurisdiction.  If not, the court must remand.
> Under this approach, jurisdiction is either
> evident from the removing documents or remand
> is appropriate.

*Lowery*, 483 F.3d at 1211-12.

In supporting the removal of this action, Defendants have proffered "documentation regarding the plaintiffs' medical expenses.  This information indicated the Plaintiff has received medical treatment in the gross amount of $148,430.39.  (Exhibit B, 10).  Additionally, these documents show that the intervening third party has paid $75,040.89 in medical benefits on behalf of the Plaintiff.  (Exhibit B, 10)."  (Doc. 1, p. 2).  Defendants assert that this evidence satisfies the "other paper" language contemplated by 28 U.S.C. § 1446(b)[4] as these documents show, by a preponderance of the evidence, that the jurisdictional amount has been satisfied (Doc. 8, p. 3).

The Wittingtons have argued, *inter alia*, that the Court cannot accept these documents to prove jurisdiction, as they were provided by a source other than the Plaintiffs (Doc. 6, pp. 4-7).

---

[4]"If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action."  28 U.S.C. § 1446(b) (emphasis added).

5

Defendants point out, though, that the removal statute, 28 U.S.C. 1446(b), does not have this requirement.  While this is true, the Court notes that *Lowery* does.  Specifically, the *Lowery* Court states that "under § 1446(b), in assessing the propriety of removal, **the court considers the document received by the defendant from the plaintiff**—be it the initial complaint or a later received paper-and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." *Lowery*, 483 F.3d at 1213 (emphasis added).  Further explaining this point of law, the Court went on to specifically state the following:

> Under the second paragraph [of § 1446(b)], a case becomes removable when three conditions are present:  there must be (1) "an amended pleading, motion, order or other paper," **which** (2) **the defendant must have received from the plaintiff** (or from the court, if the document is an order), and from which (3) the defendant can "first ascertain" that federal jurisdiction exists.

*Lowery*, 483 F.3d at 1213 n.63 (emphasis added).

Conlan has candidly admitted that the documents were furnished by Trucking US and not by the Plaintiffs (Doc. 8, p. 3 n.3) ("The documents furnished by Trucking US are attached as Exhibit B to the Defendant's Petition for Removal").  As such Defendants have not established, under *Lowery*, that this Court has jurisdiction over this action.

Therefore, it is recommended that Plaintiffs' Motion to Remand (Docs. 5-6) be granted and that this action be remanded to the Mobile County Circuit Court for all further proceedings.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.   **Objection**.   Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.   Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.   *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).   The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.   It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.   Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **<u>Transcript (applicable where proceedings tape recorded)</u>**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

        DONE this 8th day of September, 2009.


                                s/BERT W. MILLING, JR.
                                UNITED STATES MAGISTRATE JUDGE